UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GLENNIS M. HAYE,

                        Plaintiff,

v.                                                        1:15-CV-0363
                                                            (GTS/WBC)
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                           OF COUNSEL:

OFFICE OF PETER M. MARGOLIUS           PETER M. MARGOLIUS, ESQ.
  Counsel for Plaintiff
7 Howard St.
Catskill, NY 12414

U.S. SOCIAL SECURITY ADMIN.              REBECCA H. ESTELLE, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## REPORT and RECOMMENDATION

      This matter was referred for report and recommendation by the Honorable Judge Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). (Dkt. No. 12.) This case has proceeded in accordance with General Order 18.

      Currently before the Court, in this Social Security action filed by Glennis M. Haye ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-

motions for judgment on the pleadings. (Dkt. Nos. 10, 11.) For the reasons set forth below, it is recommended that Plaintiff's motion be denied and Defendant's motion be granted.

I.  **RELEVANT BACKGROUND**

   A.  **Factual Background**

Plaintiff was born on April 7, 1974. (T. 113.) She completed the 9th grade. (T. 153.) Generally, Plaintiff's alleged disability consists of fibromyalgia, depression, and back problems. (T. 152.) Her alleged disability onset date is September 3, 2011. (T. 68.) Her date last insured is December 31, 2012. (T. 68.) She previously worked as a certified nurse's aide ("CNA"), a home health aide, and in fast food. (T. 153.)

   B.  **Procedural History**

On March 21, 2012, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act. (T. 148.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On June 4, 2013, Plaintiff appeared before the ALJ, Michelle Marcus. (T. 35-61.) On June 28, 2013, ALJ Marcus issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 13-30.) On January 26, 2015, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-7.) Thereafter, Plaintiff timely sought judicial review in this Court.

   C.  **The ALJ's Decision**

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 18-30.) First, the ALJ found that Plaintiff met the insured status requirements through December 31, 2012 and Plaintiff had not engaged in substantial gainful activity since September 3, 2011. (T. 18.) Second, the ALJ found that Plaintiff had the severe impairment of fibromyalgia. (T. 19.) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 22.) Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work; except, Plaintiff could only occasionally bend, stoop, crouch, crawl, and climb stairs, ramps, ladders and scaffolds. (*Id.*) The ALJ determined that Plaintiff could perform semi-skilled and unskilled work, but not skilled work. (*Id.*) Fifth, the ALJ determined that Plaintiff was incapable of performing her past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 24-25.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings. Plaintiff argues the AC failed to remand the case back to the ALJ based upon the "new and material" evidence submitted as required by the Regulations. (Dkt. No. 10 at 3-5 [Pl.'s Mem. of Law].)

### B. Defendant's Arguments

In response, Defendant makes one argument. Defendant argues the AC's determination was proper. (Dkt. No. 11 at 4-6 [Def.'s Mem. of Law].)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of

5

the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV.     ANALYSIS

The AC is obligated to consider "new and material evidence."  20 C.F.R. §§ 404.970(b), 404.1470(b).  New evidence is "material" if it is: "(1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative."  *Pollard v. Halter,* 377 F.3d 183, 193 (2d Cir.2004).  "The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Pollard,* 377 F.3d at 193*.*  Such evidence cannot be summarily deemed irrelevant simply because it was generated after the ALJ rendered a decision.  *Id.* at 193-194.

"[N]ew evidence submitted to the [AC] following the ALJ's decision becomes part of the administrative record for judicial review when the [AC] denies review of the ALJ's decision."  *Perez v. Chater,* 77 F.3d 41, 45 (2d Cir.1996).  "The only limitations stated in [20 C.F.R. §§ 404.970(b) and 416.1470(b) ] are that the evidence must be new and material and that it must relate to the period on or before the ALJ's decision."  *Perez,* 77 F.3d at 45*.*

Once evidence is added to the record, the AC must then consider the entire record, including the new evidence, and review a case if the "administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."  20 C.F.R. §§ 404.970(b), 416.1470(b).  If the AC denies review of a case, the ALJ's decision, and not the AC's decision, is the final agency decision.  *See Perez,* 77 F.3d at 44.  When the AC denies review in a case, the review focuses on the ALJ's

6

decision.  *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015); *see* 42 U.S.C. § 405(g) ("Any individual, after any *final decision* of the Commissioner ..., may obtain a review of such decision by a civil action....").

A district court's review is based on the entire administrative record, including any new evidence submitted to the AC following the ALJ's decision.  *See Perez,* 77 F.3d at 45.  Thus, as in this case, when the AC denies review after considering new evidence, the court "simply review[s] the entire administrative record, which includes the new evidence, and determine[s], as in every case, whether there is substantial evidence to support the decision of the [Commissioner]."  *Id.* at 46; *Lesterhuis*, 805 F.3d 87.

Plaintiff submitted evidence to the AC with her request for review.  (T. 9-10.)[1] The AC reviewed the newly submitted evidence, but determined that the new evidence was not material because it pertained to a later time and therefore did not affect the ALJ's decision that Plaintiff was not disabled on or before June 28, 2013.  (T. 2.)

Plaintiff argues that although the evidence submitted to the AC post dated the ALJ's decision, it was nonetheless material because "it document[ed] the new diagnosis of lupus (795.79 ANA positive) serving as objective support to [Plaintiff's] multiple complaints for the period on or before the date of the [ALJ's] hearing decision."  (Dkt. No. 10 at 4-5 [Pl.'s Mem. of Law].)

For the reasons stated herein, the AC did not err in its determination that the evidence supplied was not material; and further, the new evidence would not have changed the outcome of the ALJ's determination.

---

 [1] The evidence consisted of notations from Columbia Memorial Hospital dated June 30, 2014.  (T. 9-10.)

First, contrary to Plaintiff's assertion, the evidence submitted does not contain a diagnosis of lupus. (Dkt. No. 10 at 4 [Pl's Mem. of Law].) Treatment notations listed code "795.79 ANA positive" under the heading of "Other Medical Conditions (Problem List)." (T. 10.) As Defendant properly asserts, diagnostic code 795.79 corresponds to "other and unspecified immunological findings," not lupus. (Dkt. No. 11 at 5 [Def's Mem. of Law].)[2] The treatment notations submitted make no mention of lupus. (T. 9-10.) The only correlation between the notation of "ANA positive" and a diagnosis of lupus was made by Plaintiff's attorney.

Second, the evidence provided did not "relate to the period on or before the ALJ's decision." 20 C.F.R. §§ 404.1570(b), 416.970(b). The notations were dated June 30, 2014, a year after the ALJ's decision. (T. 9.) The evidence provided stated Plaintiff was being treated for a post lidocaine injection. (*Id.*) The notations included a list of Plaintiff's: vitals; allergies; diagnoses; medication; and "other medical conditions (problems list)." (T. 9-10.) The information was provided by a non-acceptable medical source, Craig Alpaugh RPA-C, and did not contain an examination (other than vitals) and did not contain a medical source statement. (*Id.*)[3] The evidence supplied to the AC, although new, was not material. The evidence did not, as Plaintiff asserts, contain a new diagnosis of lupus.

Even if the new evidence contained an actual diagnosis of lupus, the notations do not support the contention that the diagnosis could be applied retroactively and was

---

[2] Lupus appears to have its own code, ICD-9-CM 710.0. MD Guidelines, Lupus Erythematosus, Systemic http://www.mdguidelines.com/lupus-erythematosus-systemic

[3] There are five categories of "acceptable medical sources." 20 C.F.R. §§ 404.1513(a), 416.913(a). Physician's assistances ("PA") are not listed as an acceptable medical source. *Id.* Only acceptable medical sources may make a diagnosis. *Id.*

8

not simply a new impairment that arose sometime between the ALJ's determination and the date of the notation.

Further, the information provided to the AC did not alter the weight of the evidence as to require review by the AC.  The Second Circuit has held that the AC did not err in refusing review based on new evidence because the new evidence did not alter the weight of the evidence so dramatically as to require the AC to take the case. *Bushey v. Colvin*, 552 Fed.Appx. 97, 98 (2d Cir. Jan. 29, 2014) ("We do not believe that the Appeals Council erred by refusing to review the ALJ's decision in light of the new evidence that Bushey submitted to that body. The Appeals Council had substantial evidence supporting its decision to decline review, as the new evidence that Bushey presented did not alter the weight of the evidence so dramatically as to require the Appeals Council to take the case.").

As stated herein, the new evidence did not contain an examination or treatment notations or any source statement regarding Plaintiff's functional ability and further, the statement did not pertain to the period in question.  The new evidence merely included a list of Plaintiff's medical history.  There was nothing in the new evidence that could be viewed as probative or substantive enough to alter the ALJ's determination.  Of note, Plaintiff does not argue in her brief that the ALJ made any errors in her determination. (Dkt. No.10 at 3-5 [Pl.'s Mem. of Law].)

A review of the record, including the newly submitted evidence, would not alter the ALJ's determination.  The ALJ's step one, step two, step three, step four (including the RFC determination and credibility determination), and ultimately step five determination, were made in accordance with the Regulations and supported by

substantial evidence in the record.  The evidence submitted did not contain a diagnosis of lupus (or any other new medical condition).  The evidence did not contain an examination, medical opinion from an acceptable medical source, or any other evidence that would alter the ALJ's determination.  Therefore, the AC did not err in denying review and the new evidence would not alter the ALJ's determination.  It is recommended, for the reasons stated herein and further outlined in Defendant's brief, that the determination of the Commissioner be upheld.

**ACCORDINGLY**, based on the findings above, it is

**RECOMMENDED**, that the Commissioner's decision be **AFFIRMED**, and the Plaintiff's complaint **DISMISSED.**

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report.  Any objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated:	July 26, 2016	_____
	William B. Mitchell Carter
	U.S. Magistrate Judge